
IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 22, 2017 Session

## DENISE ELLIOTT v. STATE OF TENNESSEE

Appeal from the Tennessee Claims Commission
No. T20140227     Robert N. Hibbett, Commissioner

_____

### No. M2016-00392-COA-R3-CV

_____

This appeal arises from a claim against the State by the driver of a motor vehicle who seeks damages resulting from a single-car accident. Claimant contends the accident was the proximate result of the State's negligence in the design, construction, and maintenance of the roadway where the accident occurred for which the State is liable pursuant to Tenn. Code Ann. § 9-8-307(a)(1)(I). Following a trial, the Claims Commissioner found that Claimant failed to prove the State was negligent in the design, construction, or maintenance of the roadway; therefore, Claimant failed to prove a claim for negligence under Tenn. Code Ann. § 9-8-307(a)(1)(I). Finding the evidence does not preponderate against the Claims Commission's findings, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which W. NEAL MCBRAYER and BRANDON O. GIBSON, JJ., joined.

Henry S. Queener, Nashville, Tennessee, for the appellant, Denise L. Elliott.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; and Dawn Jordan, Senior Deputy Attorney General, for the appellee, State of Tennessee.

### OPINION

Denise Elliott ("Claimant") was involved in a single-car accident on October 12, 2012, as she was exiting Vietnam Veterans Boulevard (State Route 386) on Exit 3, which is a curved exit-ramp where the surface of the road transitions from asphalt to concrete. As she transitioned off the concrete surface onto the asphalt, she claims her tires lost traction due to the fact the asphalt had deteriorated at this transition point and was wet

from rain earlier that day. She alleges that this deterioration caused her vehicle to fly off the roadway and roll down an incline. Further, she contends the State caused this dangerous condition because it negligently and repeatedly "patched the problem by piling up asphalt into the unraveled holes next to the concrete." She also claims the State was negligent in the design, construction, and maintenance of the roadway and in failing to erect a proper barrier at the edge of the road to prevent vehicles from rolling down the hill.

Claimant filed a Notice of Claim with the Division of Claims Administration, asserting a claim against the State for negligence under Tenn. Code Ann. § 9-8-307(a)(1)(I).[1] The claim was transferred to the Claims Commission. The State denied liability. More specifically, it denied that a dangerous condition existed and denied that a guardrail barrier was necessary.

The case was tried before the Claims Commissioner from September 15 to 17, 2015, who heard testimony from numerous witnesses. Several officers with the Hendersonville Police Department testified that they had worked multiple single-car wrecks at this location in rainy weather conditions. Additionally, two individuals testified as to having similar accidents at this exit-ramp in wet driving conditions. Further, Claimant and her husband, son, and daughter, testified regarding the injuries Claimant suffered in the accident.

Additionally, Seth Miller, the police officer who worked the accident in question, testified regarding his observations on the day of Claimant's accident. He stated that there did not appear to be anything functionally wrong with Claimant's vehicle or tires, and that he did not issue Claimant a citation arising from the accident. Officer Miller testified that the roadway was wet on the day in question and had "holes, deep ruts, [and] bumps" due to the natural weathering and expanding of the concrete surface.

Claimant also presented the expert testimony of Dr. Robert Stammer, Jr., a civil engineer specializing in transportation engineering. Dr. Stammer testified that he reviewed accident reports from other accidents occurring at this exit ramp, as well as the accident report generated by Officer Miller, and that he went to the area of the accident in question to observe the pavement in conditions that were similar to the day of Claimant's accident. Dr. Stammer testified that when he visited the location of the accident he noted "some irregular pavement or . . . pavement distress" occurring at expansion joints on the

---

[1] Claimant also asserted a claim under Tenn. Code Ann. § 9-8-307(a)(1)(J), which grants the Claims Commission jurisdiction over actions in which the claimant alleges that there was a "[d]angerous condition on state maintained highways," that was foreseeable to state officials and of which the State had notice. *See* Tenn. Code Ann. § 9-8-307(a)(1)(J). In this case, the Claims Commission ultimately determined that Claimant failed to prove negligence under section 9-8-307(a)(1)(J). Claimant did not appeal this determination; thus, we will not address this issue further.

exit ramp. He stated that these expansion joints were originally built with Portland cement concrete, but over the years were overlaid with bituminous asphalt concrete. When asked whether it is appropriate to patch the expansion joints with bituminous asphalt, Dr. Stammer stated

> It's one way that you could do it. Obviously, you could also repair it or put a total overlay. I did not witness when I was out there a total overlay, which would have given them a more uniform surface, but you were trying to patch problems or rough spots.

Dr. Stammer also explained that areas of irregular or uneven pavement can cause a vehicle's wheels to "waffle or bounce" and that hydroplaning can become more likely in these locations during wet driving conditions. Based on these facts, Dr. Stammer opined that the irregular pavement at the expansion joints was a "defect" in the road and a "major cause of this accident."

Additionally, the State presented the expert testimony of Ali Hangul and Robert Braun, engineers with the Tennessee Department of Transportation. Mr. Hangul testified that the roadway in question has between 27 to 35 feet of "clear zone" available for an errant vehicle to recover and go back on the roadway, a distance that is in line with the American Association of State Highway and Transportation Official's safety standards. Mr. Braun reviewed the construction plans and design for the exit ramp and opined that the advisory speed set for the exit ramp, 35 miles per hour, is the proper speed given the elevation and curve of the ramp.

After trial, the Claims Commissioner entered an order finding for the State. The Commissioner found that there was no evidence that the State was negligent in the design, construction, or maintenance of the roadway; therefore, Claimant failed to prove a claim for negligence under Tenn. Code Ann. § 9-8-307(a)(1)(I). Claimant filed a motion to alter or amend the judgment, which was denied. This appeal followed.

The dispositive issue is whether the evidence in this record preponderates against the Claims Commissioner's findings that Claimant failed to prove that the State was negligent in the design, construction, or maintenance of the roadway where the accident occurred.

## STANDARD OF REVIEW

Appeals from a decision of the Claims Commission are governed by the same rules applicable to appeals from the trial court in civil actions. *Holliday v. State*, No. W2014-02188-COA-R3-CV, 2015 WL 9255343, at *4 (Tenn. Ct. App. Dec. 16, 2015) (citing Tenn. Code Ann. § 9-8-403(a)(1)). "Thus, when the Claims Commissioner acts as the finder of fact, our review of his or her findings is de novo upon the record with a

presumption of correctness unless the evidence preponderates against the Commissioner's findings." *Id.* (citing Tenn. R. App. P. 13(d); *Usher v. Charles Blalock & Sons, Inc.*, 339 S.W.3d 45, 58 (Tenn. Ct. App. 2010)). We review the Claims Commissioner's legal conclusions de novo with no presumption of correctness. *Id.* (citing *Ray Bell Const. Co., Inc. v. Tenn. Dep't of Transp.*, 356 S.W.3d 384, 386 (Tenn. 2011)).

## ANALYSIS

The Claims Commission has exclusive jurisdiction over monetary claims against the State arising from

> [n]egligence in planning and programming for, inspection of, design of, preparation of plans for, approval of plans for, and construction of, public roads, streets, highways, or bridges and similar structures, and negligence in maintenance of highways, and bridges and similar structures, designated by the department of transportation as being on the state system of highways or the state system of interstate highways.

Tenn. Code Ann. § 9-8-307(a)(1)(I).

In assessing the State's liability under section 9-8-307(a)(1)(I), courts apply the traditional principles of the law of negligence. *See Goodermote v. State*, 856 S.W.2d 715, 720 (Tenn. Ct. App. 1993); Tenn. Code Ann. § 9-8-307(c) ("The determination of the state's liability in tort shall be based on the traditional tort concepts of duty and the reasonably prudent person's standard of care."). "Under the general principles of the law of negligence, the plaintiff must establish that the defendant owed a duty of care to the plaintiff, injury, and conduct of the defendant falling below the applicable standard of care which amounted to a breach of the duty, causation in fact, and proximate, or legal cause." *Goodermote*, 856 S.W.2d at 720 (citing *McClenahan v. Cooley*, 806 S.W.2d 767, 774 (Tenn. 1991)).

The State does not have a duty to make its roadways absolutely safe. *Huffer v. State*, No. M1999-01278-COA-R3-CV, 2000 WL 1156627, at *3 (Tenn. Ct. App. Aug. 16, 2000) ("The only way to eliminate any chance of an accident at this intersection would be to eliminate the intersection."). Instead, "the standard of care imposed on governments in building and maintaining roads and bridges is one of reasonableness." *Helton v. Knox County, Tenn.*, 922 S.W.2d 877, 883 (Tenn. 1996). The State has the duty to exercise reasonable care under all the attendant circumstances in planning, designing, constructing, and maintaining its system of highways. *Goodermote*, 856 S.W.2d at 720 (citing Tenn. Code Ann. § 9-8-307(a)(1)(I)).

Here, the Claims Commissioner found that Claimant failed to prove that the State breached its duty to exercise reasonable care. Specifically, the Commissioner found that

"there is no probative evidence to show the State was negligent in the design or construction of this roadway" and there "is no factual proof the State was negligent in maintaining the specific roadway."

After reviewing the record, we agree with this conclusion. Although Claimant's expert testified that the bumpy and irregular pavement constituted a "defect" in the roadway, Claimant failed to present evidence showing that this defect was caused by the negligent design, construction, or inspection of the exit ramp. On the other hand, the State's experts testified that the exit ramp was designed and constructed in accordance with industry standards. Further, Claimant did not present evidence showing that the maintenance of the exit ramp was performed in an unreasonable manner. To the contrary, Claimant's expert testified that the use of bituminous asphalt was an acceptable method of patching the concrete expansion joints.

Therefore, we conclude that the evidence does not preponderate against the findings of the Claims Commissioner and affirm its conclusion that the State was not negligent under Tenn. Code Ann. § 9-8-307(a)(1)(I).

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Denise Elliott.

_____
FRANK G. CLEMENT, JR., P.J., M.S.